SHEETS *v.* SWIFT & COMPANY.

Opinion delivered December 19, 1927.

1. EQUITY—JURISDICTION.—In an action to recover the price of produce sold, chancery court had no jurisdiction to consider the claims of intervening creditors of the estate of a third person, found by the court to be entitled to the fund.

2. APPEAL AND ERROR—CHANCELLOR'S FINDING.—In appeals from the chancery court, the decree will be affirmed unless against the preponderance of the evidence.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; affirmed.

*A. A. McDonald,* for appellant.

*U. C. May, W. L. Kincannon* and *Evans & Evans,* for appellee.

MEHAFFY, J.   Tom Sheets, the appellant, brought suit in the Sebastian Circuit Court against Swift & Company, to recover $3,755.40.   He alleged that he is doing a general egg and poultry business in the city of Memphis, Tennessee, under the firm name and style of Arkansas Produce Company, and that, on the 21st day of April, 1922, in the city of Fort Smith, he sold to the defendant, Swift & Company, at its office in Fort Smith, Arkansas, 480 cases of eggs, to be loaded at Booneville, Mansfield and Havana, and to be shipped to Swift & Company at Pine Bluff, Arkansas; and that, on the 23d day of April, 1926, defendant paid for said eggs by giving its check for the amount, payable to the order of W. H. Holland, Dewey Holland and John Pendergrass, from whom plaintiff had purchased said eggs, and who were to and did ship same by carload to Swift & Company at Pine Bluff, Arkansas.   That said defendant gave said check knowing that the eggs belonged to him, and that plaintiff had paid W. D. Holland & Son for them.   But the check was made to Holland & Son because Holland & Son shipped the eggs.

Sheets, the plaintiff, alleged that Pendergrass was a member of the firm of W. D. Holland & Son, and that he indorsed the check in the presence of defendant and delivered it to plaintiff; that he deposited the check to his credit in the Commercial Bank & Trust Company of Memphis, and that Swift & Company stopped payment on said check, and the plaintiff had to repay the amount to the Commercial Bank & Trust Company.   He asked judgment for $3,755.40 against Swift & Company.

The defendant, Swift & Company, denied all the material allegations of the complaint, but admitted that it stopped payment of the check because required to do

so by John Pendergrass, the person to whom it was given for Holland & Son.

A number of persons who had advanced money and sold eggs to Holland & Son intervened, and the case was transferred to chancery court, where it was tried and a decree entered in favor of the defendant. In the meantime, Swift & Company had deposited the money in court.

After some of the eggs had been bought and preparations were being made to ship a carload, W. D. Holland died, and the remainder of the carload of eggs was collected and the car was shipped after the death of Holland.

The chancery court held that Swift & Company purchased the eggs from W. D. Holland & Son; that W. D. Holland was the owner of the business of W. D. Holland & Son; that it was his individually, and that his son-in-law, Pendergrass, and his son were employees of W. D. Holland. The chancellor therefore held that the money belonged to the estate of W. D. Holland, deceased, and directed that it be paid over to the administratrix of W. D. Holland, deceased.

The court further held that the Bank of Booneville and other parties who intervened had claims against the estate of W. D. Holland, deceased, but that such claims would have to be filed in the probate court, and that the probate court alone had jurisdiction to allow or disallow said claims. The court also held that drafts that had been paid by Sheets for W. D. Holland & Son were claims against the estate, if they had not been paid, and that his remedy was to file his claim in the probate court in the usual way.

The chancery court had no jurisdiction. The interveners filed their claims with the probate court, and they have not appealed.

The only question to be determind by this court is whether or not Swift & Company was indebted to Sheets for eggs sold by Sheets to Swift & Company. Sheets claimed that Holland's son and his son-in-law, Pendergrass, were partners in the business of W. D. Holland

& Son, and there was also some contention that Sheets himself was a partner.

All these matters of fact were settled by the decree of the chancellor, and we think that his findings are supported by the preponderance of the testimony. He found that W. D. Holland & Son sold the eggs to Swift & Company, and that the money paid into court as the purchase price of the eggs belonged to the estate of W. D. Holland, deceased.

We think that there was ample evidence to support the finding of the chancellor, and in all appeals from the chancery court the decree will be affirmed unless it is against the preponderance of the evidence. We think the finding in this case supported by a preponderance of the evidence, that the decree of the chancery court was right, and it is therefore affirmed.